[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 15, 1992 Date of Application June 15, 1992 Date Application Filed June 15, 1992 Date of Decision March 25, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR 7 — 85459;
Thomas E. Farver, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
SENTENCE AFFIRMED. BY THE DIVISION:
In the early morning hours of July 15, 1982, the victims, a couple then both in their sixties, were asleep in their single family home in Hamden. Shortly after 1:30 a.m. the female victim, was awakened by two male intruders wearing ski masks. One placed his hand over her mouth telling her not to scream. He forcibly picked her up and both then dragged her downstairs to a first floor bathroom. Once there they demanded her jewelry including a ring she was wearing. Using profanity and threats, they took a sash from a bathrobe hanging on the door and tied her hands behind her back. They stuffed tissues in her moth and forced her CT Page 4073 to lie on the floor next to the basin. They then ransacked the house. One of the intruders did return to the bathroom, and apparently because the victim had some trouble breathing, removed the tissues from her mouth. They later took her purse, loaded the victim's car and took off with her car.
The female victim then freed herself and went upstairs where she found her husband in bed, his hands bound with wire, and with a blood soaked pillow case over his head. He had been punched in the face by the intruders.
After being apprehended, the petitioner elected a jury trial and was convicted and sentenced as follows:
 1. Burglary, 1st degree — 20 years 2. Burglary, 1st degree — 20 years consecutive 3. Burglary, 2nd degree — 10 years consecutive 4. Robbery, 2nd degree — 10 years concurrent 5. Robbery, 2nd degree — 10 years concurrent 6. Conspiracy to commit burglary, 2nd degree — 20 years concurrent 7. Kidnapping, 1st degree — 25 years concurrent 8. Kidnapping, 1st degree — 25 years concurrent 9. Conspiracy to commit kidnapping, 1st degree — combined with count 6 10. Larceny, 1st degree — 20 years concurrent 11. Conspiracy to commit larceny, 1st degree — combined with counts 6 and 9
The total effective sentence imposed was 50 years.
Defense counsel asks the division to consider the petitioner's poor physical health. He suffers from lupus and undergoes dialysis three times a week. He also argues that the co-defendant assaulted the male victim and that Reddick tried to make the female victim more comfortable by removing her gag and sitting her upon the toilet seat.
In his comments to the Division, Reddick states this crime occurred sixteen years ago and that he has never done violence to anyone.
The State's Attorney points out that the sentencing court was aware of Reddick's physical condition, but that given his record and the very seriousness of these offenses the sentence was CT Page 4074 appropriate.
After his arrest for these crimes, Reddick was sent to the Connecticut Valley Hospital for a competency evaluation. He escaped from that facility and was not located until 1991 when he was found serving a prison sentence in Michigan.
His past record consists of a 1974 conviction for robbery, 1st degree, burglary 3rd degree, larceny, 2nd degree and robbery, 2nd degree — for which he was sentenced to a term of five to 10 years.
In 1974, he was convicted of escape and sentenced to 2 to 5 years.
In 1979, he was convicted of burglary 3rd degree, larceny and theft of a firearm and received 3 to 6 years. From 1984 to 1991 while an escapee in this case he was convicted in Florida of multiple burglaries and in 1988 in Michigan for burglary and armed robbery.
The sentencing court was very appropriately concerned with protection of innocent people in the community. Reddick has clearly shown himself to be a dangerous individual with little if any, respect for rules of civilized behavior. His claim that he is not violent is belied by this record. The lasting traumatic effect on the victims in the present case is referred to in the pre-sentence report. The petitioner seems to have little insight into the effects of his terrorizing crimes.
Reviewing this sentence pursuant to § 942 of the Practice Book, we find it entirely appropriate. It is AFFIRMED.
LAWRENCE C. KLACZAK, J.
JOSEPH J. PURTILL, J.
RAYMOND R. NORKO, J.
Purtill, Klaczak, and Norko, J.s, participated in this decision.